**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MARIE CLAIRE NOEL,

    Plaintiff,

v.    Case No: 6:14-cv-597-Orl-40DAB

TERRACE OF ST. CLOUD, LLC,

    Defendant.

## ORDER

This cause comes before the Court on the following:

1. Plaintiff's Motion for Pre- and Post-Judgment Interest (Doc. 139), filed April 15, 2016;

2. Defendant's Response to Plaintiff's Motion for Pre- and Post-Judgment Interest and Incorporated Memorandum of Law (Doc. 140); and

3. Defendant's Motion for Stay of Proceeding to Enforce Money Judgment and Approve Bond (Doc. 150), filed May 17, 2016.

Upon consideration, Plaintiff's motion will be denied and Defendant's motion will be granted in part and denied in part.

**I.   BACKGROUND**

Plaintiff instituted this lawsuit against Defendant to vindicate her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Florida Civil Rights Act, Fla. Stat. §§ 760.01–.11. This matter proceeded to a jury trial beginning on October 8, 2015. On October 14, 2015, the jury returned a verdict in favor of Plaintiff, finding that Defendant violated Plaintiff's ADA rights

by denying her a reasonable accommodation. (Doc. 116). The jury further determined that Plaintiff was entitled to recover $1,347.29 in lost wages, $27,512.95 for mental anguish and suffering, and $65,000.00 in punitive damages. (*Id.*). The Court thereafter entered judgment in favor of Plaintiff in the amount of $93,860.24 according to the jury's verdict. (Doc. 125). After the Court denied Defendant's post-trial motion for judgment as a matter of law and alternative motion for new trial, Defendant appealed. (Doc. 146).

Plaintiff now moves the Court to establish the amount of pre- and post-judgment interest awarded on the judgment. Additionally, Defendant moves the Court to stay enforcement of the judgment during the pendency of its appeal and to approve its supersedeas bond. Both motions are ripe for review.

**II.    DISCUSSION**

**A.    Plaintiff's Motion to Amend the Judgment**

Plaintiff moves to amend the judgment to reflect the monetary value of pre- and post-judgment interest awarded on the judgment. Ordinarily, motions to amend a judgment to fix pre- and post-judgment interest are construed as being made under Federal Rule of Civil Procedure 59(e). *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1525 (11th Cir. 1987), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989). Motions made under Rule 59(e) must be filed within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 6(b)(2) (prohibiting the Court from extending the time to file a Rule 59(e) motion); *Green v. DEA*, 606 F.3d 1296, 1300 (11th Cir. 2010) (observing the same). The judgment in this case was entered on November 3, 2015; however, Plaintiff did not file her motion for pre- and post-judgment interest until April 15, 2016, far beyond the twenty-eight days required by Rule 59(e). As a result, the Court can no longer amend the judgment.

Nevertheless, Plaintiff's motion to award pre- and post-judgment interest can be construed as a motion to correct the judgment pursuant to Rule 60(a), which imposes no filing deadline. That rule allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). Because the judgment in this case already awards "interest thereon at the legal rate as provided by law"—which broadly includes both discretionary pre-judgment interest and mandatory post-judgment interest—Plaintiff's motion merely requests the Court to perform the ministerial task of calculating interest and correcting the judgment to include the numerical value of that interest which was omitted. Such a request properly lies within the purview of Rule 60(a). *See Osterneck*, 825 F.2d at 1526 n.8. However, when an appeal has been filed, the district court lacks jurisdiction to correct a judgment unless leave is granted by the appellate court. Fed. R. Civ. P. 60(a); *Gormong v. Local Union 613, IBEW*, 714 F.2d 1109, 1111 (11th Cir. 1983) (per curiam). Defendant's appeal of the judgment in this case was docketed with the Eleventh Circuit on May 5, 2016 and that Court has already issued initial briefing deadlines. As a result, Plaintiff must first obtain leave from the Eleventh Circuit before this Court may correct the judgment. Alternatively, should Plaintiff prevail on appeal, Plaintiff may renew her motion to correct the judgment after the Eleventh Circuit's mandate has issued. In any event, Plaintiff's motion must be denied at this time.

**B.     Defendant's Motion for Stay and to Approve Supersedeas Bond**

Defendant moves to stay enforcement of the judgment during the pendency of its appeal before the Eleventh Circuit. Federal Rule of Civil Procedure 62(d) permits such a stay so long as the movant-appellant posts a supersedeas bond as security for the appellee's judgment. Defendant represents that it is prepared to post a supersedeas

bond to secure 110% of the value of Plaintiff's judgment. Defendant further represents that Plaintiff only opposes the motion to the extent she believes that any supersedeas bond should include her estimated attorney's fees and costs. Plaintiff has not filed a response explaining her position.

Although the amount and conditions of a supersedeas bond rest within the sole discretion of the district court, precedent in this circuit requires an appellant to post an amount which would at least satisfy the value of the outstanding judgment plus costs, attorney's fees, interest, and any damages caused by the appellant's delay in satisfying the judgment.[1] *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979);[2] *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-1401-T-33JSS, 2015 WL 5735419, at *2 (M.D. Fla. Sept. 22, 2015); *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1325 n.3 (M.D. Fla. 2011) ("[A] judgment debtor posting a bond must typically post a bond for more than the value of the judgment to provide security for interest, costs, and an award of damages for delay."). The court may order a supersedeas bond which secures less than the full value of the judgment and its associated costs only in extraordinary circumstances, such as where

---

[1] Some courts interpret this requirement as additionally demanding an appellant to post an amount reasonably calculated to cover the appellee's attorney's fees and costs should she prevail on appeal. *See, e.g.*, *Avirgan v. Hull*, 125 F.R.D. 185, 188 (S.D. Fla. 1989) (requiring appellant to post an additional $105,000 to cover the appellee's estimated costs and attorney's fees on appeal). Federal Rule of Appellate Procedure 7 further permits the district court to impose a separate cost bond on an appellant to cover the appellee's anticipated costs on appeal, which may include attorney's fees depending on the case. *See Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1331–33 (11th Cir. 2002) (holding that an appellate cost bond imposed under Rule 7 may include anticipated attorney's fees on appeal if the statute through which the plaintiff prevailed in the district court awards attorney's fees to the prevailing party as part of the costs).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

the appellant's solvency is readily apparent such that the posting of a bond would be a waste of money or where the appellant's other creditors would be endangered by requiring a full-value bond. *O'Callaghan*, 805 F. Supp. 2d at 1325. Ultimately, a supersedeas bond must achieve its dual purpose of "preserv[ing] the status quo while protecting the non-appealing party's rights pending appeal." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986).

The Court begins by noting that Defendant provides no evidence or argument speaking to its solvency or the existence of other creditors. The Court therefore finds that an appropriate bond must account for the full value of the outstanding judgment plus costs, attorney's fees, interest, and damages related to delay in satisfying the judgment. The outstanding judgment at this time is $93,860.24. In a previous motion, Plaintiff estimated the costs incurred in this Court to equal $13,688.07. The Court will also include $500 to reflect post-judgment interest from the date of the judgment through appeal. Finally, the Court will apply a multiplier of one and one half to the total in order to account for the undetermined amount of attorney's fees incurred in this Court and any damages resulting to Plaintiff due to Defendant's delay in satisfying the judgment. Defendant will therefore be ordered to post a supersedeas bond in the amount of $162,072.47 in order to stay enforcement of the judgment.

### III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Pre- and Post-Judgment Interest (Doc. 139) is **DENIED WITHOUT PREJUDICE**.

2. Defendant's Motion for Stay of Proceeding to Enforce Money Judgment and Approve Bond (Doc. 150) is **GRANTED IN PART** and **DENIED IN PART**.

Enforcement of the Judgment (Doc. 125) is **STAYED**. On or before **July 15, 2016**, Defendant shall post a supersedeas bond in the amount of $162,072.47 and file the same with the Clerk of Court. Defendant's failure to post a supersedeas bond by this date will result in the Court lifting the stay without further notice.

**DONE AND ORDERED** in Orlando, Florida on June 23, 2016.

*[Signature]*

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record